IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COLODONATO, | : |
| | :    NO. 2:15-cv-05045-RBS |
|                  Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ONEMAIN FINANCIAL, INC., | : |
| | : |
|                  Defendant. | : |

## DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD

Defendant OneMain Financial Group, LLC, successor by merger to OneMain Financial, Inc. ("OneMain"), by its undersigned counsel, respectfully requests that the Court confirm and enter judgment on the arbitration award entered in its favor, as follows:

1. Plaintiff filed this action against OneMain on August 25, 2015.

2. On November 2, 2015, OneMain filed its Motion to Compel Arbitration and to Stay Litigation pending completion of arbitration.

3. By Order dated December 11, 2015, the Court granted OneMain's Motion to Compel Arbitration, and directed the parties to proceed to arbitration in accordance with the terms of their written arbitration agreement. The Court also ordered a stay of all proceedings in this action pending the completion of arbitration.

4. Plaintiff and OneMain did in fact arbitrate their disputes on June 7, 2016.

5. On July 2, 2016, the arbitrator entered his Award. A true and correct copy of the Award of Arbitrator is attached hereto as Exhibit A. Specifically, the Arbitrator ruled that: "Claimant [Brian Colodonato] shall pay to Respondent [OneMain] the sum of ONE THOUSAND SIX HUNDRED FIFTY DOLLARS AND 75/100 ($1,650.75.)."

6. Section 9 of the FAA provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

9 U.S.C. § 9.

7.  The Arbitration Agreement in this matter provides that "judgment upon any arbitration award may be entered in any court having jurisdiction." A true and correct copy of the parties' Arbitration Agreement is attached hereto as Exhibit B.

8.  There is no ground for vacating, modifying or correcting the Arbitrator's Award.

WHEREFORE, defendant OneMain respectfully requests that the Court confirm the Award of the Arbitrator and enter judgment in its favor for $1,650.75.

                                    Respectfully submitted,

Dated: August 16, 2016              /s/ Martin C. Bryce, Jr.
                                    Martin C. Bryce, Jr.
                                    Courtney L. Yeakel
                                    BALLARD SPAHR LLP
                                    1735 Market Street, 51st Floor
                                    Philadelphia, PA 19103-7599
                                    Telephone: 215.665.8500
                                    Facsimile: 215.864.8999

                                    *Attorneys for Defendant OneMain Financial Group, LLC, successor by merger to OneMain Financial, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 16, 2016, a copy of the foregoing Motion to Confirm Arbitration Award served electronically via ECF and by first-class U.S. mail, postage prepaid, upon plaintiff's counsel of record.

/s/ *Courtney L. Yeakel*
Courtney L. Yeakel

## STATEMENT IN LIEU OF BRIEF

A brief under Local Civil Rule 7.1 of the United States District Court for the Eastern District of Pennsylvania is not submitted because no significant legal argument is made in connection with this matter.

Dated: August 16, 2016

/s/ *Martin C. Bryce, Jr.*
Martin C. Bryce, Jr.
Courtney L. Yeakel
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
Telephone: 215.665.8500
Facsimile: 215.864.8999

Attorneys for Defendant
OneMain Financial Group, LLC, successor by merger to OneMain Financial, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN COLODONATO, | : |
| Plaintiff, | : NO. 2:15-cv-05045-RBS |
| v. | : |
| ONEMAIN FINANCIAL, INC., | : |
| Defendant. | : |

## ORDER

AND NOW, this ___ day of _____, 2016, upon consideration of the Motion of Defendant OneMain Financial Group, LLC, successor by merger to OneMain Financial, Inc. ("OneMain") to Confirm Arbitration Award, and any response thereto, it is hereby ORDERED that defendant's Motion is GRANTED, and judgment is entered in favor of defendant OneMain and against plaintiff in the amount of $1,650.75.

BY THE COURT:

_____
J.

# EXHIBIT A

## AMERICAN ARBITRATION ASSOCIATION

In the Matter of the Arbitration between

Case Number. 01-15-0005-7329

Brian Colodonato (Claimant)
-vs-
One Main Financial (Respondent)

### AWARD OF ARBITRATOR

I, Anthony V. La Manna, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into between the above-named parties, and having been duly sworn, and having duly heard the proofs and allegations of the Parties, and an in-person hearing having been conducted in Philadelphia, PA on June 7, 2016 do hereby, AWARD, as follows:

Claimant revoked consent to be called on January 30, 2015. Claimant did not meet the burden of proof that Respondent violated the Telephone Consumer Protection Act (TCPA) by calling sixty-four (64) times except to the extent of twelve (12) calls for which I awarded statutory damages of five hundred dollars ($500.00) per call for a total of six thousand dollars ($6,000.00). Claimant did not meet the burden of proof that Respondent acted with ill-will or with any of the factors provided in the TCPA which would allow invocation of the treble damages provision of the statute. Respondent met the burden of proof that Claimant was in breach of the loan agreement and was in arrears in the amount of Seven Thousand six hundred Fifty and 75/100 Dollars ($7,650.75). Therefore, my award is in favor of Respondent for $7,650.75 to be offset by the $6,000.00 of statutory damages to Claimant, leaving a balance due to Respondent of $1,650.75.

Accordingly I award as follows:

Claimant shall pay to Respondent the sum of ONE THOUSAND SIX HUNDRED FIFTY DOLLARS AND 75/100 ($1,650.75).

The administrative fees of the AAA totaling Two Thousand Two Hundred Dollars and Zero Cents ($2,200.00), originally paid by Claimant in the amount of Two Hundred Dollars and Zero Cents ($200.00) and by Respondent in the amount of Two Thousand Dollars and Zero Cents ($2,000.00), and the compensation of the arbitrator totaling One Thousand Five Hundred Dollars and Zero Cents ($1,500.00), originally paid solely by Respondent shall be borne as incurred.

This Award is in full settlement of all claims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

July 22, 2016
Date

Anthony V. La Manna, Arbitrator

# EXHIBIT B

# ARBITRATION AGREEMENT

THIS ARBITRATION AGREEMENT PROVIDES THAT ALL DISPUTES BETWEEN BORROWER AND CERTAIN OTHER PERSONS ON THE ONE HAND AND LENDER AND CERTAIN OTHER PERSONS AND ENTITIES ON THE OTHER HAND, EXCEPT THOSE SPECIFIED BELOW, WILL BE RESOLVED BY MANDATORY, BINDING ARBITRATION. YOU THUS GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT OR DEFEND YOUR RIGHTS (EXCEPT FOR MATTERS THAT ARE EXCLUDED FROM ARBITRATION AS SPECIFIED BELOW). YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR AND NOT A JUDGE OR JURY. YOU ARE ENTITLED TO A FAIR HEARING, BUT THE ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT.

| BORROWER(S) | LENDER |
|---|---|
| BRIAN R COLODONATO | ONEMAIN FINANCIAL, INC. |
| | 676 North West End Blvd Richla |
| | Quakertown PA 18951 |
| Date of Note  11/07/2012 | Account Number  5647 |

In consideration of Lender making the extension of credit described in the instrument evidencing your loan ("Note") and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by both parties, You and We agree that either You or We have an absolute right to demand that any Claim be submitted to an arbitrator in accordance with this Arbitration Agreement. If either You or We file a lawsuit, counterclaim, or other action in court, the other party has the absolute right to demand arbitration following the filing of such action.

**Definitions for Arbitration Agreement.** As used in this Arbitration Agreement ("Agreement"), the following definitions will apply. "You" or "Your" means any or all of Borrower(s) listed above and Non-Obligor(s) who execute the Note, and their heirs, survivors, assigns, and representatives. "We" or "Us" or "Our" means the Lender under the Note listed above, its past, present or future respective parents, subsidiaries, affiliates, predecessors, assignees, successors, and their respective employees, agents, directors, and officers (whether acting in their corporate or individual capacity). "Credit Transaction" means any one or more past, present, or future extensions, applications, or inquiries of credit or forbearance of payment such as a loan, retail credit agreement, or otherwise from any of Us to You. "Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, or claim now or hereafter existing between You and Us. A Claim includes, without limitation, anything related to:

- The Note, this Agreement, or the enforceability, or the arbitrability of any Claim pursuant to this Agreement, including but not limited to the scope of this Agreement and any defenses to enforcement of the Note or this Agreement;
- Any Credit Transaction;
- Any past, present, or future insurance, service, or other product that is offered or purchased in connection with a Credit Transaction;
- Any documents or instruments that contain information about any Credit Transaction, insurance, Service, or product;
- Any act or omission by any of Us;
- Fraud or misrepresentation, including claims for failing to disclose material facts;
- Any federal or state statute or regulation, or any alleged violation thereof, including without limitation insurance, usury, and lending laws;
- Any party's execution of this Agreement and/or willingness to be bound by its terms and provisions; or
- Any dispute about closing, servicing, collecting, or enforcing a Credit Transaction.

"Rules" means the then applicable rules and procedures that govern consumer disputes for the chosen "Administrator" (as defined below).

**Agreement to Arbitrate Claims.** Upon written request by either party that is submitted according to the Rules for arbitration, any Claim, except those specified below in this Agreement, shall be resolved by binding arbitration in accordance with (i) the Federal Arbitration Act, (ii) the then applicable Rules of the chosen "Administrator", and (iii) this Agreement, unless We and You both agree in writing to forgo arbitration. The terms of this Agreement shall control over any inconsistency between the Rules of the Administrator and this Agreement. The party initiating the arbitration must choose one of the two following arbitration firms ("Administrator") and follow the Rules for initiating and pursuing an arbitration:

| American Arbitration Association | National Arbitration Forum |
|---|---|
| 335 Madison Avenue, Floor 10 | P.O. Box 50191 |
| New York, NY 10017-4605 | Minneapolis, MN 55405 |
| www.adr.org | www.arbitration-forum.com |

You may obtain a copy of the Rules and a form of demand for arbitration for each Administrator by contacting the Administrator or by accessing the Administrator's internet site. We or You may bring an action, including a summary or expedited proceeding, to compel arbitration of any Claim, and/or to stay the litigation of any Claim pending arbitration, in any court having jurisdiction. Such action may be brought at any time, even if a Claim is part of a lawsuit, up until the entry of a final judgment. You and We also agree to submit to final, binding arbitration not only all Claims, but also any claim or dispute You or We have against (i) all persons and/or entities involved with any Credit Transaction or any other matter relating to this Disclosure Statement, Note and Security Agreement, (ii) all persons and/or entities who signed or executed any document relating to any Credit Transaction or Claim, and (iii) all persons and/or entities who may be jointly or severally liable to either You or any of Us regarding any Claim.

**Judgment.** Judgment upon any arbitration award may be entered in any court having jurisdiction. If timely requested by either party, the arbitrator shall provide a brief written statement of the reasons for any award.

**Claims Excluded from Arbitration.** Neither You nor We may require the other to arbitrate the following types of matters:

- Any action to the extent necessary to obtain a judicial order for the purpose of (a) effecting a foreclosure or transferring title being foreclosed, or permitting exercise of extra-judicial or self-help repossession under applicable law, with respect to an interest in property, or (b) establishing, perfecting or clearing title, with respect to an interest in property;
- Any Claim where all parties collectively (including multiple named parties) seek monetary relief in the aggregate of $15,000.00 or less in total relief, including but not limited to compensatory, statutory and punitive damages, restitution, rescission, disgorgement, costs and fees (including attorneys' fees), or any Claim brought in and subject to the jurisdiction of a small claims court, so long as such matter remains in such court and advances only an individual, non-class Claim. Any Claims asserted on behalf of a putative class of persons, will, for purposes of this exclusion, be deemed to exceed $15,000.00. In the event that any party fails to specify the amount being sought for any relief, or any form or component of relief, the amount being sought shall, for purposes of this exclusion, be deemed to exceed $15,000.00, unless the matter remains in and subject to the jurisdiction of the small claims court.

Participating in a lawsuit or seeking enforcement of this section by a court shall not waive the right to arbitrate any other Claim.

**Additional Terms.**

**Administration of Arbitration.** Arbitration shall be administered by the chosen Administrator, but if said Administrator is unable or unwilling to administer the arbitration, then an alternate Administrator shall be chosen by the party initiating the arbitration and that Administrator shall administer any arbitration required under this Agreement pursuant to its Rules. The arbitrator shall make his or her decision in accordance with the applicable law, and shall be empowered to award any damages or other relief provided under the applicable law.

**Place of Arbitration.** The arbitration shall be conducted in the county of Your residence, unless all parties agree to another location.

**Appeal.** Either You or We may appeal the arbitrator's award in accordance with the then applicable Optional Appeals Procedure of JAMS or in accordance with procedures otherwise agreed to by You and Us, and the award may be subject to judicial review on the grounds stated in 9 U.S.C. § 10.

**No Class Actions/No Joinder of Parties.** You agree that any arbitration proceeding will only consider Your Claims. Claims by or on behalf of other borrowers will not be arbitrated in any proceeding that is considering Your or Our Claims. Because You have agreed to arbitrate all Claims, You may not serve as a class representative or participate as a class member in a putative class action against any party entitled to compel arbitration under this Agreement.

**Depositions.** After a demand for arbitration is made, You and We may conduct a limited number of depositions by mutual agreement. Any disagreement concerning the taking of depositions will be resolved by the arbitrator.

Borrower's Initials: BRC

Costs. Unless the Rules of the Administrator require allocation more beneficial to You, the cost of any arbitration proceeding shall be divided as follows:

- The party making demand upon the Administrator for arbitration shall pay to the Administrator the filing fee required by the Rules when the demand is made, except that We will pay the amount of the filing fee in excess of the amount of the fee that would be required for You to file a lawsuit in Your jurisdiction. In addition, We will pay to the Administrator all other administrative costs of the arbitration proceeding. However, the arbitrator may award Us, in accordance with Rules, the excess amount of any such filing fee and any other arbitration administrative costs We incur if the arbitrator determines that the Claim was made in bad faith or lacks any justification on Your part. Despite our agreement to pay costs and fees described above, you have the option to pay Your share of filing fees and administrative costs consistent with the applicable Rules.
- Each party shall pay his/her own attorney, expert, and witness fees and expenses, unless otherwise required by law or by other terms of the Note.

Governing Law. This Agreement is governed by federal law and by the laws of the state where the closing of the Credit Transaction took place, but only to the extent that such state laws are consistent or compatible with federal law

Interpretation. Jurisdictional and arbitrability disputes, including disputes over the existence, validity, interpretation or scope of this Agreement under which arbitration is sought, shall be submitted to and ruled on by the arbitrator, unless the relevant law requires that a court of competent jurisdiction make such determinations. The arbitrator has the authority to determine jurisdiction and arbitrability prior to conducting a full hearing on the merits.

Severability. If the arbitrator or any court determines that one or more terms of this Agreement or the Rules are unenforceable, or would make this Agreement unenforceable, only such terms(s) shall be deemed unenforceable and shall be deemed stricken from this Agreement, but such determination shall not impair or affect the enforceability of the other terms of this Agreement or the Rules.

Survival. This Agreement applies even if the Note has been paid in full, charged off by us, or discharged in bankruptcy.

Special Acknowledgments. You understand and acknowledge by signing Your name to this Agreement that (i) a court and/or jury will not hear or decide any Claim governed by this Agreement, (ii) the funding for Your Credit Transaction will come in whole or in part from sources outside this state, which will involve commerce within the meaning of the United States Arbitration Act, 9 U.S.C. §§1 et seq., as amended, (iii) discovery in an arbitration proceeding can be much more limited than in a court proceeding, and (iv) rights to appeal an arbitration award are very limited.

READ THE ABOVE ARBITRATION AGREEMENT CAREFULLY. IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO OBTAIN REDRESS THROUGH COURT ACTION. BY SIGNING BELOW, YOU AGREE TO THE TERMS CONTAINED IN THIS AGREEMENT AND ACKNOWLEDGE THAT THIS DOCUMENT DID NOT CONTAIN ANY BLANK SPACES WHEN YOU SIGNED IT.

The Arbitration Agreement is executed as of the "Date of Note" written above.

BRIAN K COLODONATO     Borrower

Non-Obligor

By: _____ Borrower
(Lender Name and Title)